McAdam, J.
The question of this proceeding turns upon the construction of § 43 of the new excise law (1892, chap. 401). It reads as follows: “ Ko person or persons who shall not have been licensed prior to the passage of this act shall hereafter be licensed to sell strong or spirituous liquors, wines, ale or beer, in any building not used for hotel purposes, and for which a license does not exist at the time of the passage of this act, which shall be on the *836 same street or avenue and within 200 feet of a building occupied exclusively as a church or school-house.”
It will be noted that the interdiction applies to persons who-were not licensed prior to the passage of the act, and to a building not used for hotel purposes, and in which a license did not exist. at the time of the passage of the act. The petitioner’s case comes-within "both those provisions. He had a license for years, and the one last granted continued by its terms down to and including April 29, 1892. The statute in question was approved by the governor April 30, 1892, and by force of § 46 took effect on that day, so-that there was no appreciable interval between the expiration of the license and the time the law -went into operation. The excise-commissioners acted on the application for a renewal of the license- and refused to grant it for the reasons stated in the following resolution : “ In the matter of the application of Jacob Leicht, Jr.,, for license to premises west side of 140 East Houston street, whose license expired on the 29th day of April, 1892, be and the saméis hereby rejected, for the reason that the said premises are-located within 200 feet of a building used exclusively as a church, and there was no license existing on said premises on-the 30th day of April, 1892.” The qualifications of the- applicant and the propriety of granting the license are conceded, and the license must issue, unless the grounds of refusal assigned by the commissioners are a sufficient answer in law to the application.
The jurisdiction of the court to grant the- relief applied for is found in § 24 of the act It provides, among other things, that if the court “ shall, upon the hearing, determine that such application for a license has been by such board arbitrarily denied, or denied without good cause or valid reasons therefor, such court may make an order commanding such board of excise to grant such application and to issue a license to such applicant upon payment of the proper license fee.”
The sale of liquors was valid at common law, yet the traffic,, even to the extent of absolute prohibition, is under legislative control, Tiedeman’s L. of P. P., 304, but the provisions of an act which substantially destroy property in liquors, owned and possessed by persons within the state when the act takes effect, is unconstitutional and void. Wynehamer v. The People, 13 N. Y., 378. Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed, must be deemed “retrospective.” The ruléis, that words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. Chew Heong v. U. S., 112 U. S., 559; Salters v. Tobias, 3 Paige, 344; Hill v. Duncan, 110 Mass., 240.
In all retroactive laws there must be an element of surprise, by which the persons whose rights are affected are taken unawares. They are called upon to act differently from what they had been *837 led by the previous state of the law to anticipate. So repugnant is such a system of legislation to our natural sense of justice, that it has been stigmatized as more unreasonable than that adopted by Caligula, who was said to have written his laws in a very small character, and hung them upon high pillars the more effectually to ensnare the people. Wade on R Laws, § 34. The act in question carefully guards the existing rights of licensees, and was clearly intended to exclude only those who had not theretofore carried on business on the premises sought to be licensed. If it had been intended to exclude all persons from receiving a license in a building within 200 feet of a church or school house, the act would have read: “ Ho person or persons shall hereafter be licensed to sell strong or spirituous liquors, wines, ale or beer in any building within 200 feet of an edifice occupied as a church or a school house,” omitting the qualifying words “ who shall not have been licensed prior to the passage of this act.”
True,: the license, by its terms, expired April 29th, and the act went into effect the following day, but this does not bring the applicant within the disability imposed by it. The new act was not designed .to create forfeitures, or to destroy rights of property, or to prevent persons whose money was invested in an established business at the time of the passage of the act from carrying on the same because of its proximity to a church or schoolhouse. It was designed merely to prevent the extension of the privilege on grounds of public policy. It must be interpreted by the state of facts it was designed to meet. It is not contended that the circumstance of the applicant having a license would operate as a surrender of the power of the legislature to regulate the sale of liquor, Dorman v. State, 34 Ala., 216, or even to prohibit the traffic entirely. See cases collated in Wade on Retroactive Laws, §§ 18, 62, 63. But the law-making power, in this instance, expressly recognized the rights of existing licensees, indicating an intention to preserve them unimpaired. These rights were, by the terms of the act, treated as vested, and to be respected as such. “ This evident intention of the lawmakers of the statute is as much within the statute as if it were within the letter.” Dwarris Stai, 691. The letter of a statute may, in doubtful cases, be even enlarged or restrained by equitable construction to conform to the obvious intent of the framers. The spirit of the act must be respected, and the statute so construed as to promote in the fullest manner the policy and object of the legislature. U. S. v. Winn, 3 Sum., 209; The Enterprise, 1 Paine, 32; 6 Cranch, 314, 823. The applicant clearly came within the purview of the law as to existing licensees, and had a proprietary interest which the legislature intended should be protected. The prohibition in the act had no application to a person so situated, and he is entitled to an order commanding the board, to issue a license upon payment of the proper fee.